UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DeMARIAN FLEMING, ) | CASE NO.  4:10CV0967 |
| ) | |
| ) | |
| Petitioner ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| -vs- ) | |
| ) | |
| J.T. SHARTLE, ) | <u>MEMORANDUM OF OPINION</u> |
| ) | <u>AND  ORDER</u> |
| ) | |
| Respondent. ) | |

   <u>Pro</u> <u>se</u> Petitioner DeMarian Fleming filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Mr. Fleming is incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I.  Elkton).  He names the Federal Bureau of Prisons (BOP) and F.C.I.  Elkton Warden J. T. Shartle as Respondents.  Mr. Fleming seeks the restoration of 27 days Good Conduct Time (GCT) he lost as a sanction for violating BOP policy.

*Background*

Mr. Fleming's petition is a series of statements, which do not provide a full view of the events which led to this action. Review of his attachments reveals that an unauthorized cellular telephone was found amongst Petitioner's belongings in his cell.[1] He was charged with possessing a hazardous tool in violation of BOP Code #108. An incident report was issued, but no date or copy of the report is provided as an attachment.

There is some confusion regarding the date, detail or basis of Petitioner's initial administrative appeal. He states his administrative appeal was late because he "remained in the Special Housing Unit after February 1, 2007 until his transfer to F.C.I. Elkton, thus concluding an 'impossible' opportunity to conduct proper or appropriate filing and thus precluding him from Due Process." (Pet. at 3.) On appeal, he complained he should have been charged with a Code 305 violation, rather than the Code 108 violation for which he was disciplined. He argued a cell phone cannot be considered a hazardous tool. Petitioner claims he fully exhausted his administrative remedies, but submitted another appeal based on newly discovered evidence. This evidence is a copy of another inmate's successful appeal based on what he believes is the same issue. Purportedly, Petitioner has

> legal precedence to which Federal Bureau of Prisons Administration remanded the matter of the Incident Report No. 1748571 on the gounds [sic] that the Inmate in violation of that charge was in fact, provided notice and confirmation that Cell Phone possession amounted to something other than a Code 305 violation. <u>Appellant asserts he was not provided such notice either</u>.

(Pet.'s Ex.B.4)(emphasis in original.) The 'legal precedence' upon which Mr. Fleming rested his

---

[1] The incident may have occurred at a different correctional institution. Mr. Fleming mentions that he was 'transferred' to F.C.I. Elkton after being held in SHU as a sanction.

appeal, as well as his petition before this court, is another prisoner's two paragraph "Response" from BOP Regional Director D. Scott Dodrill, dated May 20, 2009. The statement is in response to an unnamed inmate at FCC Terre Haute who appealed a Disciplinary Hearing Officer's (DHO) decision on July 24, 2008. The inmate was charged with Possession of a Hazardous Tool (cell phone and charger) in violation of Code 108 and Possession of Anything not Authorized in violation of Code 305. This prisoner argued, in part, that his possession of a cell phone should not have been considered a Code 305 violation. Mr. Dodrill partially granted the prisoner's appeal because "your appeal revealed questions concerning whether you received proper notice for a Code 108 offense. Therefore, this disciplinary action is being remanded for clarification and a rehearing if necessary." (Pet.'s Ex. C. 3.) No additional details are provided.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the Petitioner has properly filed his request for habeas relief in this court, as it has personal jurisdiction over his custodian. The substance of his petition fails, however, as a matter of law.

*Loss of Good Time Credits*

When a prisoner faces the loss of good time credits, due process requires the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and

present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). In addition, some evidence must exist to support the disciplinary conviction. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).

Mr. Fleming does not provide the court any information regarding the facts, nature or sanctions imposed for his Code 108 violation. There is nothing in the Petition which challenges the type of due process to which Wolf entitles him.

It is not the role of federal courts to assess credibility or weigh the evidence when reviewing a disciplinary conviction. A disciplinary action should be upheld if it is supported by "some evidence." Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. at 455-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. In Superintendent v. Hill, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process .... [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

Id. at 454-55. Therefore, even assuming Petitioner raised a legitimate due process challenge, a district court has no authority to review a disciplinary committee's resolution of factual disputes. Id. at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not

arbitrary and does have evidentiary support. Id. at 457. The only question is whether the DHO had "some evidence" to ensure fairness and justify his amended findings.

In this matter, there was more than "some evidence" that the Petitioner possessed an unauthorized cell phone. He has admitted as much, but claims he never received proper notice of a Code 108 offense. Moreover, the two paragraph statement from Scott Dodrill regarding another prisoner's appeal is not legal precedent. Not only is Mr. Fleming's Petition devoid of any relevant facts regarding his offense, the court cannot give any consideration to a BOP response to another prisoner's appeal. Because the present Petition reflects a simple disagreement with the DHO's decision and sanction of the loss of GTC, Petitioner fails to state a legitimate Fifth Amendment claim.

*Conclusion*

Because Mr. Fleming has not shown that the DHO's decision was not supported by 'some evidence,' he has not established any grounds on which he is entitled to relief. Therefore, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

September 29, 2010

---

[2]The statute provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).